IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| CASEY G. DOBBS, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | 2:21-CV-57-M-BR |
| § | |
| DIRECTOR, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION TO DENY
PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

Casey Dobbs ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody challenging his convictions out of the 222nd District Court of Oldham County, Texas for the second-degree felony offense of possession of a controlled substance in an amount between 4 and 400 grams and the third-degree felony offense of possessing metal or body armor as a felon, and resulting 8-year sentence. For the reasons stated below, the undersigned United States Magistrate Judge recommends Petitioner's application for federal habeas corpus relief be DENIED.

## I.  PROCEDURAL HISTORY

On April 26, 2018, Petitioner was charged in Oldham County, Texas with the second-degree felony offense of possession of a controlled substance in an amount between 4 and 400 grams and the third-degree felony offense of possessing metal or body armor as a felon. (*See* ECF 12-18 at 6; 12-26 at 6). Petitioner pleaded guilty and was sentenced to eight years in prison. (ECF 12-5 at 26; 12-9 at 26). Petitioner did not appeal his convictions to the state intermediate appellate court.

On April 1, 2019, Petitioner filed applications for state writ of habeas corpus challenging his convictions.[1] (ECF 12-5 at 6–21; 12-9 at 6–21). The Texas Criminal Court of Appeals ("TCCA") denied Petitioner's state habeas applications without written order on October 16, 2019. (ECF 12-2, 12-6); *see In re Dobbs*, Nos. WR-90,307-01 and WR-90,307-02. Petitioner filed four more state habeas applications, which the TCCA dismissed without written order as subsequent applications. *See In re Dobbs*, Nos. WR-90,307-03, WR-90,307-04, WR-90,307-05, and WR-90,307-06.

On March 8, 2021, Petitioner filed the instant federal habeas petition.[2] (ECF 3 at 10). Respondent filed an answer (ECF 16), and Petitioner filed a reply to Respondent's answer (ECF 17).

## II.    PETITIONER'S GROUNDS

Petitioner contends he is being held in violation of the Constitution and laws of the United States for the following reasons:

1. He is actually innocent;

2. He received ineffective assistance of counsel in violation of the Sixth Amendment through trial counsel's deficient performance: allowing Petitioner to be abused, kept without arraignment or bond, and denied medications, failing to do an investigation, and failing to suppress evidence;

3. The evidence was factually insufficient to support his convictions; and

4. Prosecutorial and police misconduct constitute cumulative error.

---

[1] The prison mailbox rule applies to state habeas applications. *See Richards v. Thaler*, 710 F.3d 573, 578–79 (5th Cir. 2013). The earliest date Petitioner could have placed his state habeas applications in the prison mail system for mailing is April 1, 2019, the date Petitioner signed his state habeas applications. The state habeas applications are postmarked July 2019. (ECF 12-5 at 51; 12-9 at 27). In an abundance of caution, the undersigned uses the date Petitioner signed his state habeas applications to determine whether Petitioner's federal habeas petition is timely.

[2] An inmate's federal habeas petition is deemed filed when the petition is placed in the prison mail system for mailing. *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998). Given that Petitioner signed and dated his petition on March 8, 2021, it could not have been filed before that date. (*See* ECF 3 at 10).

(ECF 3 at 6–7).

### III. STATUTE OF LIMITATIONS

Title 28 U.S.C § 2244(d) imposes a one-year statute of limitations on federal petitions for writs of habeas corpus filed by state prisoners:

(1)  A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of –

   (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)–(2).

### IV. RESPONSIVE PLEADINGS

On July 6, 2021, Respondent filed an answer asserting Petitioner's federal habeas petition should be dismissed as time barred. (ECF 16 at 4–7). In the answer, Respondent briefed applicable statutory and case law regarding the one-year statute of limitations in federal habeas corpus cases, as well as statutory and equitable tolling of the limitations period. Respondent also set forth

relevant dates in this case and analyzed the timeliness of Petitioner's habeas application. Petitioner filed a reply in opposition to Respondent's Preliminary Answer. (ECF 17).

## V.   FINALITY OF CONVICTION

A judgment becomes final upon the conclusion of direct appellate review or when the time for filing further direct appeal expires. *See Roberts v. Cockrell*, 319 F.3d 690, 693–95 (5th Cir. 2002). With regard to the finality of Petitioner's judgments of conviction, the undersigned makes the following findings and/or conclusions:

1. Petitioner was sentenced on May 7, 2018. (ECF 12-5 at 26; 12-9 at 26). Petitioner did not appeal his convictions to the state intermediate appellate court.

2. Petitioner's judgments of conviction became final on **June 6, 2018**, when the 30-day period to appeal his convictions to the state intermediate appellate court expired.[3] *See Roberts*, 319 F.3d at 693–95 (state conviction becomes final for limitations purposes when time for seeking further direct review expires).

## VI.   LIMITATIONS PERIOD

The limitations period shall run from the date on which the judgment became final <u>unless</u> one of the circumstances set forth in 28 U.S.C § 2244(d)(1)(B), (C), or (D) clearly applies. With regard to the start of the one-year limitations period and statutory tolling of the limitations period, the undersigned makes the following findings and conclusions:

1. The record does not reflect any unconstitutional "State action" impeded or prevented Petitioner from filing for federal habeas corpus relief.

2. Petitioner's claims do not concern a constitutional right recognized by the United States Supreme Court within the last year and made retroactive to cases on collateral review.

---

[3] Respondent argues "[b]ecause Dobbs expressly waived his right to appeal his conviction, his time for seeking direct review expired on the date of sentencing, May 7, 2019." (ECF 16 at 6 n.5). However, this District has recognized "a split exists among federal courts in Texas over when a judgment becomes final in cases where, as here, a petitioner waives the right to appeal." *Martinez v. Dir., TDCJ-CID*, No. 5:19-CV-00011-M-BQ, 2021 WL 1649054, at *2 (N.D. Tex. Mar. 22, 2021), *adopted by* No. 5:19-CV-00011-M-BQ, 2021 WL 1626520 (N.D. Tex. Apr. 27, 2021). The undersigned need not analyze the issue to determine whether Petitioner's federal habeas petition is timely. As Respondent notes, even using the date most favorable to Petitioner, June 6, 2018, Petitioner's federal habeas petition is untimely. (ECF 16 at 7).

3. Petitioner's claims are not of such a nature that they could not have been discovered, through the exercise of due diligence, until a date subsequent to Petitioner's convictions becoming final.

4. The one-year period of limitations in this case began on the date on which Petitioner's judgments became final by the expiration of the time for seeking direct review under 28 U.S.C. § 2244(d)(1)(A).

5. Petitioner's federal habeas corpus petition was thus due on or before **June 6, 2019**, unless statutorily or equitably tolled.

6. When Petitioner filed his state applications for writ of habeas corpus on **April 1, 2019**[4], 299 days had passed since his judgments of conviction became final on **June 6, 2018**.

7. The filing of those applications tolled the limitations period until the TCCA denied the applications on **October 16, 2019**. The limitations clock began to run again on **October 17, 2019**.

8. Petitioner has not demonstrated he is entitled to any periods of equitable tolling.

9. The remaining 66 days expired before Petitioner executed his federal petition on **March 8, 2021**.[5]

## VII.    ACTUAL INNOCENCE

A credible showing of "actual innocence" may allow a prisoner to pursue his constitutional claims on the merits notwithstanding the existence of a procedural bar to relief. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013). "This rule, or fundamental miscarriage of justice exception, is grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." *Id*. (quoting *Herrera v. Collins*, 506 U.S. 390, 404 (1993)). A habeas petitioner who seeks to surmount a procedural default through a showing of "actual innocence" must support his allegations with "new, reliable

---

[4] In an abundance of caution, the date Petitioner signed his state habeas applications is used for purposes of statute of limitations calculations.

[5] In an abundance of caution, the date Petitioner signed his federal petition is used for purposes of statute of limitations calculations.

evidence" that was not presented in the underlying proceedings and must show that it was more likely than not that, in light of the new evidence, no fact finder, acting reasonably, would have found the Petitioner guilty beyond a reasonable doubt. *See Schlup v. Delo*, 513 U.S. 298, 326–27 (1995); *see also House v. Bell*, 547 U.S. 518 (2006) (discussing at length the evidence presented by the petitioner in support of an actual-innocence exception to the doctrine of procedural default). "Actual innocence" in this context refers to factual innocence and not mere legal sufficiency. *Bousely v. United States*, 523 U.S. 614, 623–24 (1998).

Under ground one of his application, Petitioner argues he is actually innocent of the offenses because his ex-wife brought items to the courthouse, and his ex-wife and her father were caught in lies and falsified evidence for custody of his child, his money, and his property. (ECF 3 at 6; 5 at 3–6). Petitioner's claim of actual innocence is conclusory and is not supported by any new, reliable evidence. Specifically, Petitioner does not explain how his ex-wife and her father's alleged conduct constitutes "new" evidence. *See Hancock v. Davis*, 906 F.3d 387, 390 (5th Cir. 2018) (stating evidence is not "new" if it was always within the reach of petitioner's personal knowledge or reasonable investigation). Petitioner has not sufficiently demonstrated his "actual innocence" of the offenses of which he was convicted as a gateway or means by which to avoid any time bar. Consequently, Petitioner has not overcome the time bar for filing a federal habeas corpus petition.

## VIII.   RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by Petitioner be DENIED.

## IX. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED January 12, 2022.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).